UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-80783-CIV-MARRA/MATTHEWMAN

CHRISTINA L. SIGLER,

    Plaintiff,

vs.

FLORIDA PALM BEACH SHERIFF,
RIC BRADSHAW, in his official capacity,
FLORIDA PALM BEACH DEPUTY SHERIFF,
DARRIN FORMAN, in his official capacity,
DARRIN FORMAN, individually, TIMOTHY B.
SIGLER, individually, FLORIDA PALM BEACH
DEPUTY SHERIFF, MARK CAIN, in his official
capacity, MARK CAIN, individually, STATE OF
FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES
DIRECTOR PERRY BORMAN, in his official capacity,
STATE OF FLORIDA DEPARTMENT OF CHILDREN AND
FAMILIES CHILD PROTECTIVE INVESTIGATOR, SHANA
M. FRAZIER, in her official capacity, SHANA M.
FRAZIER, individually, and CITIES OF LAKE PART AND
JUPITER IN THE COUNTY OF PALM BEACH, FLORIDA;
municipal corporations,

    Defendants.
_____/

## ORDER AND OPINION GRANTING MOTION TO DISMISS

THIS CAUSE is before the Court upon Defendant Florida Department of Children and Families' Motion to Dismiss [DE 45]. The Court has carefully considered the motion, response, and reply, and is otherwise fully advised in the premises.

**Introduction**

Plaintiff, Christina L. Sigler ("Plaintiff"), filed her initial Complaint on August 9, 2013, including the above named defendants. The defendants in the initial Complaint

filed Motions to Dismiss and the Court granted those motions based "exclusively on the ground that the Complaint improperly commingles claims against different defendants subject to different theories of liability." *See* DE 35.  Plaintiff was given one opportunity to amend her Complaint to "distinguish and differentiate the factual allegations and theories directed to one defendant in a count separate from every other defendant[,] . . . [to] . . . correspond allegations of fact or law under each claim separately against each defendant[,] . . . and state exactly what constitutes the basis for liability against each." *Id*. at 1-2.  Plaintiff has changed her Complaint, eliminating her state law claims, but the Amended Complaint continues to improperly commingle claims and defendants.  Additionally, the Amended Complaint continues to be a "shotgun pleading," that fails to plead factual content that allows the Court to draw the reasonable inference that Defendants are liable for the misconduct alleged.

**Motion to Dismiss Standard of Review**

A complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a) (2).  In reviewing a motion to dismiss, a trial court accepts as true all factual allegations in the complaint and construes the facts in the light most favorable to the plaintiff.  *Jackson v. Bellsouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004).  However, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

In *Bell Atlantic Corp. v. Twombly*, the Supreme Court articulated the standard by which claims should be evaluated on a motion to dismiss:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level.

550 U.S. 544, 555 (2007) (internal citations omitted).  In accordance with *Twombly*, Federal Rule of Civil Procedure 8(a) calls "for sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Twombly*, 550 U.S. at 570).  A plausible claim for relief must include "factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.

Furthermore, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."  *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).  Even so, the requirements for pleading and dismissal are still applicable.  *Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008).  Moreover, a heightened pleading requirement applies to § 1983 cases involving qualified immunity, and "vague and conclusory" allegations are insufficient.  *Lomax v. Diaz*, 390 F. App'x 900, 901 (11th Cir. 2010); *Gonzalez v. Reno*, 325 F.3d 1228, 1235 (11th Cir. 2003); *Fullman v. Graddick,* 739 F.2d 553, 556-57 (11th Cir. 1984).

## Discussion

### The Department of Children and Families

Plaintiff originally named the Department of Children and Families ("DCF") as a defendant through its former secretary, Perry Borman, in his official capacity. Plaintiff attempted to serve process on Mr. Borman by serving an employee of the food bank he operated after leaving DCF's services.  This service was later quashed.  At the same time, the Complaint was dismissed by motion of the other Defendants.

Plaintiff then filed an Amended Complaint, this time naming DCF as a defendant through its current interim secretary, Mike Carroll, in his official capacity.  Mr. Carroll was served on July 16, 2014.  DCF moves to dismiss the Amended Complaint for the following reasons: (1) the claims are barred by the Eleventh Amendment; (2) Plaintiff has failed to state a claim for which relief can be granted; and (3) DCF was not served until well beyond the 120 days allowed by Fed. R. Civ. P. 4(m).[1]  The Court agrees that the Amended Complaint must be dismissed.

In Count II Plaintiff "sues Defendants Sheriff Bradshaw and the DCF, both jointly and severally . . . under Title 42 Section 1983 . . . for their actions and/or inaction which inexorably deprived her of her Constitutionally Protected Rights under the 4th, 5th, 6th, 8th, and 14th Amendments of the Bill of Right of the United States Constitution and re-alleges and reincorporates paragraphs 1 through 78 above herein by reference .

---

[1]  Because Plaintiff cannot state valid claims against DCF, it is unnecessary for the Court to consider this ground for dismissal.

. ." Am. Compl. ¶ 79.  Plaintiff is suing Defendant DCF for damages in excess of $10,780,000 based on its alleged failure to train, and for encouraging co-Defendant and former DCF investigator Shana Frazier, to be deceitful, unethical and to use fraudulent techniques in her investigation of Plaintiff.  Am. Compl. ¶¶ 92-98.  Plaintiff seeks solely monetary damages from DCF, as well as other unspecified compensatory damages. Am. Compl. at pp. 25-27.

A.  **Eleventh Amendment Immunity**

Generally, the Eleventh Amendment prohibits suits in federal court brought by a state's own citizens, as well as by citizens of another state, for damages against a state, state agency or public official in their official capacity unless Congress has either abrogated the state's immunity, or the state has expressly waived it.  *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (quoting *Employees v. Missouri Dep't of Public Health and Welfare*, 411 U.S. 279, 280 (1973)).  As a state agency, DCF receives the same Eleventh Amendment protection from suit in a federal court as the state itself.  *Schopler v. Bliss*, 903 F.2d 1373, 1378 (11th Cir. 1990).  States may consent to suit or otherwise waive their immunity under the Eleventh Amendment, but only under certain narrow circumstances, and courts presume that states have not waived their immunity.  *Pennhurst*, 465 U.S. at 100–03; *Nat'l R.R. Passenger Corp. v. Rountree Transp. & Rigging, Inc.*, 896 F. Supp. 1204, 1207 (M.D. Fla. 1995) (state agencies receive the same Eleventh Amendment protection from suit in a federal court as the state itself).  The Florida legislature has given a strong

indication that it did not intend to waive its immunity to civil rights actions in federal court.  See *Gamble v. Florida Dep't of Health & Rehabilitative Servs.*, 779 F.2d 1509, 1515 (11th Cir. 1986).  Congressional abrogation is also not at issue because "[t]he Fourteenth Amendment does not by its own force override the States' Eleventh Amendment immunity, nor did Congress abrogate that immunity when it enacted 42 U.S.C. § 1983 . . ." *Watson v. Div. of Child Support Servs.*, 560 F. App'x 911, 913 (11th Cir. 2014) (African American's § 1983 lawsuit against state agency, alleging his equal protection rights were violated when one of the agency's case agents made racially-tinged derogatory statements, was barred by Eleventh Amendment immunity) citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989) (explaining that in enacting § 1983, which "provides a federal form to remedy many deprivations of civil liberties," Congress had "no intention to disturb States' Eleventh Amendment immunity").  Accordingly, Plaintiff's claims against DCF are barred by the grant of immunity under the Eleventh Amendment.  *Thompson v. The Florida Bar*, 2007 WL 4380645, *1 (S.D. Fla. Sept. 7, 2007) citing *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989); *Hayes v. Secretary, Florida Dept. of Children & Families*, 2012 WL 2848999, *3 (N.D. Fla. May 11, 2012) (complaint could not name DCF because as a state agency, it would be immune from suit under the Eleventh Amendment).  Thus, Plaintiff cannot sue DCF, a state agency, for monetary damages in federal court.  DCF must be dismissed from the case.  *Zabriskie v. Court Admin.*, 172 Fed. Appx. 906, 907-909 (11th Cir. 2006); *Gamble v. Florida Dept. of Health and Rehabilitative Servs.*, 779 F.2d

1509 (11th Cir. 1986); *Manzini v. Florida Bar*, 2012 WL 2524265, at *5 (S.D. Fla. 2012).

B.       Failure to State a Claim for Which Relief Can be Granted

Even if Plaintiff could sue DCF for damages despite the Eleventh Amendment, her Amended Complaint would have been dismissed under Fed. R. Civ. P. 12(b)(6) because it fails to state a claim for which relief can be granted.  Here, Plaintiff has alleged that DCF violated her constitutional rights by failing to properly train its former investigator, Shana Frazier.  Claims of negligence are not cognizable under § 1983. *Daniels v. Williams,* 474 U.S. 327 (1986).  This means DCF could not be held liable for negligent training of an employee under the doctrine of *respondeat superior*. *H.C. by Hewett v. Jarrard*, 786 F.2d 1080, 1086 (11th Cir. 1986) ("It is axiomatic, in section 1983 actions, that liability must be based on something more than a theory of *respondeat superior*.")

A supervisor could only be held liable if the alleged failure to train evidenced "a deliberate indifference" to the plaintiff's rights. *City of Canton v. Harris*, 489 U.S. 378, 388 (1989).  This cannot be established by unsupported, conclusory allegations such as those in the Amended Complaint.  Instead, Plaintiff would have had to allege that DCF had actual or constructive notice that an omission in its training program caused employees to deprive citizens of constitutional rights—and despite having that knowledge, DCF still chose to retain the training program. *Keith v. DeKalb County, Ga.*, 749 F.3d 1034, 1052 (11th Cir. 2014).  DCF can only be considered to have had notice of the deprivation of rights if it were widespread:  it must have been "obvious,

flagrant, rampant and of continued duration, rather than isolated occurrences." *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990).  A plaintiff fails to state a claim under § 1983 for a failure to train where there are no allegations that the supervisor had actual notice of the unconstitutional practices, or that there is a history of widespread abuse.  *Wright v. Sheppard*, 99 F.2d 665, 675 (11th Cir. 1990); *see also, Canton*, 489 U.S. at 389-90 (claim for failure to train must show that the failure reflects "deliberate or conscious choice" in which "the need for more or different training is so obvious and the inadequacy so likely to result in the violation of constitutional rights.").  Here, Plaintiff has alleged no facts that would show widespread prior abuse, or any indication that DCF had notice of any abuse.  Plaintiff merely alleges that DCF failed to train one specific investigator and alleges no other misconduct apart from her own situation.  This is the very type of isolated occurrence that fails to state a claim under § 1983.  Rather than pleading any ultimate facts to support the alleged failure to train, Plaintiff instead relies on a series of redundant and implausible legal conclusions:

- "The DCF fails to train their employees to be neutral, unprejudiced and unbiased … ."  Am. Compl. ¶ 93.

- "The DCF specifically permitted, by their assent, customs policies or lack of training, CPI Frazier to fabricate evidence against the Plaintiff of criminal wrongdoing."  Am. Compl. ¶ 94.

- "The DCF encourages its employees and encouraged CPI Frazier to express bias and prejudice against persons accused of wrong doing within its jurisdiction."  Am. Compl. ¶ 95.

.      "The DCF encouraged CPI Frazier, or failed to train her to the contrary, to employ deceitful, unethical and fraudulent techniques in her investigation of the Plaintiff." Am. Compl. ¶ 96.

These unsupported, conclusory allegations of a failure to train Ms. Frazier do not establish deliberate indifference and do state a claim under § 1983. For this reason as well, all claims as to DCF will be dismissed.

It should also be noted that at the Amended Complaint's conclusion, Plaintiff seems to allege that DCF conspired with all the other Defendants. Am. Compl. ¶¶ 23, 26. Although there were allegations of a conspiracy earlier in the Amended Complaint, they involved other Defendants, not DCF. Nonetheless, even if Plaintiff did intend to include DCF in the conspiracy, the claim would still fail. A claim of conspiracy under § 1983 must be pled with particularity, "and simply claiming a conspiracy is not enough." *Dolin on Behalf of N.D. v. West*, 22 F. Supp. 2d 1343, 1350 (M.D. Fla. 1998); *see also Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984).

Finally, the Complaint is, as before, an improper "shotgun" pleading. A "shotgun" pleading is one in which each count incorporates all allegations of every previous count, regardless of relevancy. *Wagner v. First Horizon Pharm. Corp.*, 464 F. 3d 1273, 1279 (11th Cir. 2006). Shotgun pleadings make it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. College*, 77 F.3d 364, 366 (11th Cir. 1996). DCF is only named in Count II, yet Plaintiff incorporates all other allegations within that count. This includes the allegations of Count I, which is against only Ms. Frazier, Timothy Sigler,

and PBSO Deputies Forman and Cain. Dismissal of a shotgun pleading is appropriate. *Liebman v. Deutsche Bank Nat. Trust Co.*, 462 F.App'x 876, 879 (11th Cir. 2012); *Jovine v. Abbott Labs., Inc.*, 796 F. Supp. 2d 1331, 1336-37 (S.D. Fla. 2011).

C. <u>Dismissal Will be With Prejudice</u>

Courts generally allow a party to amend a Complaint once as a matter of course, but "a district court need not allow a plaintiff to amend a complaint if the amendment would not serve to cure the defective pleading." *Wittbold v. Miami-Dade County*, 2013 WL 3280039, at *6 (S.D. Fla. 2013). Plaintiff has already been given a chance to amend her Complaint after dismissal, and as stated above, she has not and cannot state a claim against DCF. Aside from the glaring pleading defects, Plaintiff simply cannot sue a state agency for monetary damages in federal court. The latter cannot be cured, rendering any amendment futile. DCF will be dismissed from this action with prejudice. *Miccosukee Tribe of Indians of Florida v. Jewel*, 2013 WL 7158023, at *5 (S.D. Fla. 2013); *Chrystall v. Serden Technologies*, 913 F. Supp. 2d 1341, 1362 (S.D. Fla. 2012). Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant Florida Department of Children and Families' Motion to Dismiss **[DE 45] is granted with prejudice**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 10th day of March, 2015.

_____
KENNETH A. MARRA
United States District Judge